UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALFRED MANCUSO,

                 Plaintiff,         **ORDER**
                                                          CV 07-3446(TCP)(ARL)
    -against-

CHARLES J. HYNES, DISTRICT ATTORNEY
OF KINGS COUNTY,

                 Defendant.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is the *pro se* plaintiff's motion for reconsideration of the undersigned's October 10, 2008 order staying discovery pending resolution of the defendant's motion for judgment on the pleadings.[1] Also before the court is the defendant's opposition to that motion. Upon reconsideration, the court adheres to its original ruling, for the reasons set forth *infra*.

By letter dated September 29, 2008, the defendant sought to stay discovery in this matter arguing that it was likely the plaintiff's complaint would be dismissed because, among other things, the plaintiff's claims are time-barred and the plaintiff is collaterally estopped from relitigating the issue of whether the grand jury indictment in the underlying criminal matter was forged. The court reviewed the both parties' submissions, as well as the defendant's memorandum in support of the Rule 12 (c) motion, which revealed that this action concerns a grand jury that indicted the plaintiff for second degree murder in 1976. The court's review also revealed that the plaintiff had challenged the validity of the indictment on numerous occasions in

---

[1] The plaintiff has also appealed the undersigned's decision by letter to Judge Platt dated October 18, 2008.

both the state and federal courts. Accordingly, the court found that the Rule 12(c) motion could potentially dispose of the action obviating the need for discovery, and thus, granted the motion to stay discovery. The plaintiff now seeks to have the court reconsider its decision.

To succeed on this motion for reconsideration, the plaintiff must show that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion. Local Civil Rule 6.3. "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *L.I. Head Start Child Development Services, Inc. v. Kearse,* 96 F. Supp. 2d 209, 211 (E.D.N.Y. 2000) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 256-57 (2d Cir. 1995)). A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion, nor new legal theories in place of the ones used earlier that did not prevail. *See id.* at 211-212; *see also PAB Aviation, Inc. v. United States,* 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000). "Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation,* 2000 U.S. Dist. LEXIS at *2-3.

On this motion, the plaintiff argues that the court should not permit the defendant to engage in delay tactics, should consider the burden being placed on Judge Platt, and should be aware that since the defendant has not denied that he has records in his file, the defendant must be involved in an ongoing cover-up. Even if the court were to accept the plaintiff's conspiracy theory, it would not change the end result. As was made clear, this court determined that the defendant has raised significant issues in his Rule 12 motion papers that warranted review before requiring the parties to engage in discovery. The plaintiff has not pointed to any overlooked facts

or controlling law that would alter that determination, and thus, the plaintiff has not met the strict standard that applies to a motion for reconsideration. Therefore, the court, upon reconsideration, adheres to its original decision.

Dated: Central Islip, New York　　　　　　　　　　**SO ORDERED:**
　　　　November 12, 2008

　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____

　　　　　　　　　　　　　　　　　　　　　　　ARLENE ROSARIO LINDSAY
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge